## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN M. WOOMER,** | : | **CIVIL ACTION NO. 1:04-CV-1386** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **JOANNE BARNHART,** | : | |
| | : | |
| **Defendant** | : | |

### ORDER

AND NOW, this 12th day of October, 2005, upon consideration of plaintiff's

motion for attorneys' fees and costs (Doc. 15), see 28 U.S.C. § 2412(d)(1)(A) ("[A]

court shall award to a prevailing party . . . fees and other expenses, in addition to

costs . . . incurred by that party in . . . proceedings for judicial review of agency

action. . . ."); see also id. § 2412(a)(1) ("[A] judgment for costs . . . may be awarded to

the prevailing party in any civil action brought . . . against the United States or

any [of its] agenc[ies]. . . ."), to which defendant concurs (see Doc. 15 Attach. 2), and

it appearing that plaintiff is the prevailing party in the above-captioned case, see

Shalala v. Schaefer, 509 U.S. 292, 302 (1993) ("[A] party who wins a . . . remand [for

reasons other than the addition of new evidence] is a prevailing party [for purposes

of § 2412 fee recovery]."); see also Johnson v. Gonzales, 416 F.3d 205, 209 (3d Cir.

2005); Kadelski v. Sullivan, 30 F.3d 399, 401 n.2 (3d Cir. 1994), and the court finding

that defendant's position in this case was not substantially justified, see 28 U.S.C.

§ 2412(d)(1)(A) (stating that fees may not be awarded when the position of the

government is found to be substantially justified); see also Morgan v. Perry, 142

F.3d 670, 684 (3d Cir. 1998) ("The government has the burden of establishing that there is substantial justification for its position."), that there do not exist circumstances that would make an award unjust, see 28 U.S.C. § 2412(d)(1)(A) (stating that fees shall not be awarded when special circumstances make the award unjust), and that the award requested is reasonable and an increase in the cost of living justifies a fee in an amount greater than that provided by statute, see 28 U.S.C. § 2412(d)(2)(A) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee."); see also Allen v. Bowen, 821 F.2d 963, 967-68 (3d Cir. 1987) (approving the use of the consumer price index to increase a fee award), it is hereby

ORDERED that the motion for attorneys' fees and costs (Doc. 15) is GRANTED as follows:

1.  Plaintiff is AWARDED attorney's fees in the amount of $2,291.00.  See 28 U.S.C. § 2412(d)(1)(A).

2.  Plaintiff is AWARDED costs in the amount of $163.95. See 28 U.S.C. § 2412(a)(1).


       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge